IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-36-D
No. 2:14-CV-28-D

| | |
|---|---|
| LINWOOD CLIFTON WOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 4, 2014, Linwood Clifton Wood ("Wood") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 228-month sentence [D.E. 47]. On July 25, 2014, the United States ("government") moved to dismiss Wood's section 2255 motion [D.E. 51]. On August 18, 2014, Wood responded in opposition [D.E. 54]. As explained below, the court grants the motion to dismiss and dismisses Wood's motion.

I.

On November 21, 2011, a federal grand jury in the Eastern District of North Carolina charged Wood with (1) conspiracy to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 (count one); (2) being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count two); (3) distributing a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count three); and (4) distributing 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count four). See Indictment [D.E. 1]. On February 6, 2012, Wood pleaded guilty, pursuant to a written plea agreement [D.E. 23], to counts one and two. See Rule 11 Tr. [D.E. 40] 26–28.

On June 15, 2012, the court sentenced Wood to 228 months' imprisonment on count one and 120 months' imprisonment on count two, with the terms to run concurrently. See Sentencing Tr. [D.E. 41] 25. The sentence was within the advisory guideline range established at sentencing of between 188 and 235 months. See Sentencing Tr. 5–6. Wood appealed, and his counsel filed an Anders brief. On February 15, 2013, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Wood, 510 F. App'x 257, 257–58 (4th Cir. 2013) (per curiam) (unpublished). On June 3, 2013, the Supreme Court denied Wood's certiorari petition. See Wood v. United States, 133 S. Ct. 2787 (2013).

On June 4, 2014, Wood filed a section 2255 motion [D.E. 47]. Wood asserts two claims: (1) that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the court improperly sentenced him as a career offender under the Guidelines and as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); and (2) that his sentence violates the Fair Sentencing Act ("FSA"). See [D.E. 47] 4–5; [D.E. 47-1] 3–7.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion

2

to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Wood's argument that the court improperly designated him a career offender at sentencing, Wood raised this issue on direct appeal, and the Fourth Circuit rejected it. See Wood, 510 F. App'x at 257 ("Wood asserts that he was erroneously classified as a career offender. Our review of the record proves otherwise."). Absent any change in the law, Wood cannot use section 2255 to recharacterize and relitigate a claim that the Fourth Circuit rejected on direct appeal. See, e.g., United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 532 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails.

As for Wood's arguments concerning the ACCA and the FSA, Wood did not raise those arguments on direct appeal. Thus, the general rule of procedural default bars Wood from presenting these two arguments under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Wood has not plausibly alleged "actual innocense" or "cause and prejudice" resulting from these alleged errors. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Thus, these

3

claims fail.

Alternatively, the waiver in Wood's plea agreement bars Wood's claims. In his plea agreement, Wood agreed to:

> waive knowingly and expressly all rights ... to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Wood] at the time of [his] guilty plea.

Plea Agreement [D.E. 23] ¶ 2(c). An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At his Rule 11 colloquy, Wood affirmed that he had read and discussed his plea agreement with his lawyer and, after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up in the waiver. See Rule 11 Tr. 23–24. Thus, Wood's waiver was valid. Moreover, Wood reserved only the right to file a section 2255 motion "based

4

upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Plea Agreement ¶ 2(c). Wood's claims for relief are not based upon grounds of ineffective assistance of counsel or prosecutorial misconduct. Rather, they concern the court's calculation of Wood's advisory guideline range and fall within the scope of his appellate waiver. See Copeland, 707 F.3d at 529–30. Accordingly, the court enforces Wood's waiver and dismisses his claims.

Alternatively, Wood's claims fail on the merits. As for Wood's designation as a career offender, Simmons does not alter Wood's predicate felony convictions underlying his designation as a career offender. See Presentence Investigation Report ("PSR") [D.E. 25] ¶¶ 25, 26, 31; Wood, 510 F. App'x at 257. As for Wood's ACCA claim, the court did not find that Wood was an armed career criminal under the ACCA. See PSR ¶¶ 1, 84; Sentencing Tr. 2–32. As for Wood's FSA claim, Wood pleaded guilty and was sentenced after the FSA's effective date, and the drug amounts used in his case comply with the FSA. Compare Indictment (count one), and Rule 11 Tr. 26–27, and PSR ¶¶ 11, 59, with 21 U.S.C. § 841(b)(1)(B). Thus, the claims fail.

After reviewing the claims presented in Wood's motion, the court determines that reasonable jurists would not find the court's treatment of Wood's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 51], DISMISSES Wood's section 2255 motion [D.E. 47], and DENIES a certificate of appealability. The clerk shall close the case.

5

SO ORDERED. This 13 day of January 2015.

JAMES C. DEVER III
Chief United States District Judge