IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-36-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LINWOOD CLIFTON WOOD, | ) | |
| Defendant. | ) | |

On April 20, 2021, Linwood Clifton Wood ("Wood" or "defendant") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 78]. On June 7, 2021, the government responded in opposition [D.E. 85]. As explained below, the court denies Wood's motion.

I.

On November 21, 2011, a federal grand jury in the Eastern District of North Carolina charged Wood with (1) conspiracy to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base (crack) in violation of 28 U.S.C. § 846 (count one); (2) being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count two); (3) distributing a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count three); and (4) distributing 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count four). See Indictment [D.E. 1]. On February 6, 2012, pursuant to a written plea agreement [D.E. 23], Wood pleaded guilty to counts one and two. See Rule 11 Tr. [D.E. 40] 26–28.

On June 15, 2012, the court held Wood's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 30, 31]; Sentencing Tr. [D.E. 41]

4–5. The court calculated Wood's offense level to be 31, his criminal history category to be VI, and his advisory guideline range on count one to be 188 to 235 months and on count two to be 120 months. See Sentencing Tr. at 5–6. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wood to 288 months' imprisonment on count one and 120 months' concurrent imprisonment on count two. See id. at 25; [D.E. 31] 2. Wood appealed. On February 15, 2013, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Wood, 510 F. App'x 257, 257–58 (4th Cir. 2013) (per curiam) (unpublished). On June 13, 2013, the Supreme Court denied Wood's petition for a writ of certiorari. See Wood v. United States, 133 S. Ct. 2787 (2013).

On June 4, 2014, Wood filed a section 2255 motion, asserting that (1) the court improperly sentenced him as a career offender under the Guidelines and as an armed career criminal under the Armed Career Criminal Act ("ACCA") and (2) that his sentence violated the Fair Sentencing Act ("FSA"). See [D.E. 47, 47-1]. On January 13, 2015, the court granted the government's motion to dismiss, dismissed Wood's section 2255 motion as meritless, and denied a certificate of appealability. See [D.E. 56]. Wood appealed. On April 21, 2015, the Fourth Circuit dismissed Wood's appeal. See United States v. Wood, 600 F. App'x 144 (4th Cir. 2015) (per curiam) (unpublished).

On April 20, 2021, Wood moved for relief under section 404 of the First Step Act. See [D.E. 78]. The government opposes the motion. See [D.E. 85].

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. §§ 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack

2

cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." Id. Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, a court may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act "denied after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the advisory sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the

3

commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404 of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3–4 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished). Nonetheless, a district court must reduce the sentence to comply with any new statutory maximum. See Collington, 995 F.3d 356–58.

Wood's 2012 conviction for conspiracy to distribute and to possess with the intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base (crack) is a covered offense under section 404(a) of the First Step Act because the Fair Sentencing Act modified the conviction's statutory penalties and Wood committed the offense before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." (quotation omitted)). However, this court already recognized that "Wood pleaded guilty and was sentenced after the FSA's effective date, and the drug amounts used in his case comply with the FSA." [D.E. 56] 5; compare Indictment (count one), and Rule 11 Tr. at 26–27, and PSR [D.E. 25] ¶¶ 11, 59, 81, with 21 U.S.C. § 841(b)(1)(B). Thus, Wood is not eligible for relief under the First Step Act, and the court denies Wood's motion. See First Step Act, § 404(c), 132 Stat. at 5222 ("No court shall entertain a motion under this section to reduce a sentence if the

4

sentence was previously imposed or previously reduced in accordance with . . . the Fair Sentencing Act of 2010.").

Alternatively, even if the court has discretion to reduce Wood's sentence, the court would not reduce Wood's sentence. The court has completely reviewed the entire record, the parties' arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). In deciding whether to reduce Wood's sentence, the court finds that Wood engaged in serious criminal behavior. See PSR ¶¶ 8–12. From at least January 2005 through December 3, 2010, Wood distributed 500 grams of cocaine and 226.8 grams of cocaine base (crack). See id. ¶¶ 8–11. Wood also sold eight firearms. See id. Moreover, Wood is a violent recidivist and has convictions for failure to stop for a hit and run, driving while impaired, resisting and obstructing a public officer (two counts), assault by pointing a gun, assault on a female, larceny, common law forgery, carrying a concealed weapon, possession with intent to sell and deliver cocaine (four counts), sale of cocaine, possession of cocaine, selling and delivering cocaine (two counts), and conspiracy to violate a controlled substance act. See id. ¶¶ 14–28. Furthermore, Wood has performed poorly on supervision, including absconding from supervision and engaging in new criminal conduct while on supervision. See id. Wood had a spotty work history before his latest incarceration. See id. ¶¶ 43–56. Wood failed to submit information about the rehabilitative steps he has taken while incarcerated. Cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Wood's serious criminal conduct, extensive and violent criminal record, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Wood, the court declines to reduce Wood's sentence. See 18 U.S.C. § 3553(a); see, e.g.,

5

Chavez-Meza, 138 S. Ct. at 1966–68; Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; May, 783 F. App'x at 310; Barnes, 2020 WL 1281235, at *3–4; Latten, 2019 WL 2550327, at *4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Wood's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 78] and DENIES as moot defendant's motion for the appointment of counsel [D.E. 86].

SO ORDERED. This 19 day of November, 2021.

JAMES C. DEVER III
United States District Judge

6

Case 2:11-cr-00036-D   Document 87   Filed 11/19/21   Page 6 of 6